TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00182-CR







Rick Lee Bjornson, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY 


NO. 424841, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of driving while intoxicated. Tex. Penal Code Ann. § 49.04
(West 1994 & Supp. 1996). The county court at law assessed punishment at incarceration for 180 days
and a $2000 fine, suspended imposition of sentence, and placed appellant on community supervision. In
single point of error, appellant contends the court erred by refusing to instruct the jury on the necessity
defense.

 Appellant spent the evening of October 6, 1994, drinking with a friend. When he arrived
home, he learned that his five-year-old daughter was missing and that his wife was out looking for her. 
Appellant got into his employer's pickup truck and drove across the street into Maan Melhem's driveway. 
According to Melhem, appellant came to his door, accused him of kidnapping his daughter, and threatened
to kill him. Appellant and Melhem then saw appellant's wife's car and a police car approaching. Melham
walked and appellant drove a short distance down the block to meet them. Although his daughter had been
found and was returning home with her mother, appellant told the police officer that Melham had kidnapped
the girl. After observing appellant's demeanor and conducting several field sobriety tests, the officer
arrested appellant for driving while intoxicated.

 Appellant testified that his daughter is asthmatic, that he did not know how long she had
been missing, and that "I was just in a state of panic and anger. I was emotionally upset. I didn't know
what to do except to jump in the truck and go look for her." He believed "it was necessary for me to find
her as fast as possible before she was harmed." Appellant explained that he went to Melhem's house
because on another occasion when his daughter had wandered away from home, she had been found
playing with Melhem's children. According to appellant, Melhem "threatened my life and told me to remove
the vehicle off his property." Appellant said he backed out of Melhem's driveway and "pulled alongside
the street," saw his wife and the police, and got out of the pickup to wait for them.

 Under the necessity defense, conduct is justified if:


 (1)  the actor reasonably believes the conduct is immediately necessary to
avoid imminent harm;


 (2)  the desirability and urgency of avoiding the harm clearly outweigh,
according to ordinary standards of reasonableness, the harm sought to be prevented by
the law proscribing the conduct; and


 (3)  a legislative purpose to exclude the justification claimed for the
conduct does not otherwise plainly appear.



Tex. Penal Code Ann. § 9.22 (West 1994). The defendant must have an objectively reasonable belief that
his conduct is immediately necessary to avoid a greater evil. Wilson v. State, 777 S.W.2d 823, 824 (Tex.
App.--Austin 1989), aff'd, 853 S.W.2d 547 (Tex. Crim. App. 1993). If there is evidence, from whatever
source or of whatever strength, raising every element of the defense, the defendant is entitled to an
instruction. Wilson, 777 S.W.2d at 825. An element of the defense is raised if there is evidence that a
rational juror could accept as sufficient to prove that element. Id. Whether the defense is raised by the
evidence is a question of law. Id.

 The county court at law ruled that appellant was not entitled to the requested defensive
instruction because there was no evidence that appellant's conduct was immediately necessary to avoid
imminent harm to his daughter. We agree. Appellant was shown to have driven twice on the night in
question. First, he drove from his house to Melhem's house across the street. Appellant testified that he
did so because his daughter had gone there before when she wandered away from home. The evidence
shows that on that earlier occasion, the Melhems fed and watched the girl for two hours until appellant
came to get her. There is no evidence that the child would have been in imminent danger if she were with
the Melhems and, therefore, no evidence that it was immediately necessary for appellant to drive to
Melhem's house. After speaking to Melhem, appellant returned to his pickup, backed it out of Melhem's
driveway, and parked in the street. Appellant testified that he moved the truck because Melhem demanded
that he do so. Again, there is no evidence that this second brief drive was immediately necessary to avoid
imminent harm to appellant's daughter. 

 We do not deny that it is dangerous for a five-year-old child to wander about a
neighborhood alone after dark, nor do we question the sincerity of appellant's fears. However, no rational
juror could find from the evidence in this cause that appellant had an objectively reasonable belief that his
culpable conduct was justified by the threat of imminent harm to his daughter. The county court at law did
not err by refusing to instruct the jury on the necessity defense. The point of error is overruled.

 The county court at law's judgment does not recite that appellant was adjudged guilty. Tex.
Code Crim. Proc. Ann. art. 42.01, § 1(8) (West Supp. 1996). Because the record adequately reflects
that appellant was convicted of driving while intoxicated, we may reform the judgment to correct this
defect. See Jones v. State, 795 S.W.2d 199, 201-02 (Tex. Crim. App. 1990); Asberry v. State, 813
S.W.2d 526, 529 (Tex. App.--Dallas 1991, pet. ref'd).

 The judgment of conviction is reformed to reflect that appellant was adjudged guilty. As
reformed, the judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Reformed and, as Reformed, Affirmed

Filed: October 30, 1996

Do Not Publish



was harmed." Appellant explained that he went to Melhem's house
because on another occasion when his daughter had wandered away from home, she had been found
playing with Melhem's children. According to appellant, Melhem "threatened my life and told me to remove
the vehicle off his property." Appellant said he backed out of Melhem's driveway and "pulled alongside
the street," saw his wife and the police, and got out of the pickup to wait for them.

 Under the necessity defense, conduct is justified if:


 (1)  the actor reasonably believes the conduct is immediately necessary to
avoid imminent harm;


 (2)  the desirability and urgency of avoiding the harm clearly outweigh,
according to ordinary standards of reasonableness, the harm sought to be prevented by
the law proscribing the conduct; and


 (3)  a legislative purpose to exclude the justification claimed for the
conduct does not otherwise plainly appear.



Tex. Penal Code Ann. § 9.22 (West 1994). The defendant must have an objectively reasonable belief that
his conduct is immediately necessary to avoid a greater evil. Wilson v. State, 777 S.W.2d 823, 824 (Tex.
App.--Austin 1989), aff'd